ALD-047                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3589
_____

MUTTAQIN F. ABDULLAH,
                                                      Appellant

v.

LT.  MILLER; LT.  NAPP; LT.  JOHNSON;
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-01153)
District Judge Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2016
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: December 13, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Muttaqin F. Abdullah appeals from the judgment of the United States District Court for the Middle District of Pennsylvania. We will summarily affirm.

In June 2015, Abdullah, an inmate confined at USP-Lewisburg, filed an action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that USP-Lewisburg employees Lieutenant Randy Johnson, Lieutenant Daniel Knapp, and Foreman Roger Miller used excessive force against him when they broke up a fight between Abdullah and another inmate. Abdullah alleged that on August 22, 2013, he and his cellmate "had a man to man fist fight with no injuries from each other" in a recreation cage. Abdullah claimed that both inmates stopped fighting before the three defendants arrived. Abdullah alleged that the other inmate was handcuffed and removed from the cage and, while Abdullah was lying down on the pavement, one of the lieutenants shot him in the back with rubber bullets and another sprayed him with gas, causing him "severe bruises on his lower back, that made blood visible." Abdullah was then handcuffed, escorted to a holding cell to be searched and decontaminated from the gas, and then medically assessed.

In October 2015, defendants filed a motion to dismiss and/or for summary judgment. The defendants argued, among other things, that the Bivens claim should be rejected because Abdullah failed to exhaust his administrative remedies, allege Johnson's personal involvement, and establish a claim for excessive force. Defendants also argued that summary judgment was appropriate because they were entitled to qualified

2

immunity. By order entered on August 29, 2016, the District Court granted defendants' motion for summary judgment, concluding that Abdullah failed to properly exhaust available administrative remedies.

Abdullah appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Abdullah has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit.

We exercise plenary review over a district court order for summary judgment. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

We agree with the District Court that Abdullah failed to properly exhaust available administrative remedies prior to filing his complaint. The Prison Litigation Reform Act

3

(PLRA) prohibits an inmate from bringing a civil rights suit alleging unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004). While the availability of administrative remedies is a question of law, see Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002), "it necessarily involves a factual inquiry," Small v. Camden County, 728 F.3d 265, 271 (3d Cir. 2013). Judges may resolve factual disputes relating to the exhaustion of administrative remedies without the participation of a jury. Id.

The Bureau of Prisons (BOP) has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. Inmates must first informally present their complaints to staff to attempt to resolve the matter. 28 C.F.R. § 542.13(a). If any inmate is unable to informally resolve his complaint, he must then file a formal written complaint to the Warden on the appropriate form (BP-9) within twenty days of the date on which the subject matter of the complaint occurred. 28 C.F.R. § 542.14(a). The Warden shall

4

respond within twenty days. 28 C.F.R. § 542.18. In the event that the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director on the appropriate form (BP-10) within twenty calendar days of the response. 28 C.F.R. § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the Central Office of the BOP within thirty calendar days. Id.

Here, the exhibits provided by defendants with their motion to dismiss and/or for summary judgment[1] show that Abdullah was charged with two violations, fighting another person and refusing an order, for the August 22, 2013 incident. On August 23, 2013, Abdullah appeared before the Unit Discipline Committee (UDC), and admitted to fighting with the other inmate. The UDC referred the charge to the Discipline Hearing Officer (DHO), recommending appropriate sanctions not available to the UDC. On September 3, 2013, Abdullah appeared for a hearing before the DHO, during which he admitted to fighting but questioned why the defendants "shot [him] up afterwards." The DHO informed Abdullah that a discipline hearing was not the forum to raise excessive force claims and advised him to file a Request for Administrative Remedy. The DHO sanctioned Abdullah to disallowance of twenty-seven days good conduct time, thirty days

---

[1] Among other things, defendants provided as exhibits the August 22, 2013 incident report, the Administrative Remedy Generalized Retrieval Report, the Notice of Discipline Hearing Before the (DHO), the DHO report, and incident memoranda from Knapp and Miller.

5

disciplinary segregation, and ninety days loss of commissary and visiting privileges. The DHO advised Abdullah of his right to appeal the decision within twenty days under the BOP's Administrative Remedy Procedure. On June 4, 2014, Abdullah filed an administrative tort claim, pursuant to the Federal Tort Claims Act (FTCA), which was subsequently denied by the Northeast Regional Office of the Federal Bureau of Prisons on December 1, 2014.

As the District Court aptly noted, even though Abdullah was instructed to file an administrative remedy with respect to his allegations of excessive force and was advised of his right to appeal the DHO's findings, there is no evidence in the record that Abdullah filed an administrative remedy or appealed the fighting violation. While Abdullah argues that "during the month of September 2013" he sent a BP-8 and BP-9 to the Warden with no response, there is no record of a grievance filed by Abdullah at the institutional level during the month of September 2013.[2] Abdullah's argument that "during the month of October 2013, [he] filed a BP-10 to the Regional Office in the city of Philadelphia, PA, and the Regional Office responded by informing [him] that they could not give [him] a disposition to [his] complaint with the BP-8, and BP-9 grievance forms not attach[ed] with [his] BP-10" is equally unpersuasive as the record shows that Abdullah had only two

---

[2] The District Court explained that the only activity reflected for the month of September 2013 on the Administrative Remedy Generalized Retrieval Report provided by defendants was a September 9, 2013 appeal to the Northeast Regional Office, filed by Abdullah from the denial of his August 19, 2013 grievance concerning the confiscation of property.

administrative submissions in October 2013, neither of which were related to this action. Abdulla's failure to follow the administrative remedy requirements of the BOP amounts to a procedural default of his federal claim.[3] See Spruill, 372 F.3d at 227-32. Thus, the District Court properly granted summary judgment to defendants.

As there is no substantial question presented by this appeal, we will summarily affirm the judgment of the District Court.

---

[3] The District Court noted that while this action was not filed as an FTCA case, Abdullah submitted a copy of the FTCA remedy he pursued. The District Court explained, however, that the FTCA provides that a tort claim against the United States is barred "unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); see also 28 C.F.R. § 14.9(a) (stating that if a claimant is dissatisfied with the final denial of an administrative claim, "he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification"). The final denial of Abdullah's claim was mailed on December 1, 2014. Abdullah was required to file any action in the District Court by June 1, 2015. We agree with the District Court's conclusion that because Abdullah did not commence this action until June 11, 2015, his tort claim is barred by the statute of limitations period.